**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04363-NYW

MARVIN ANTONIO GUTIERREZ-ARAGON,

Petitioner,

v.

FACILITY ADMINISTRATOR, D.C.D.F.,

Respondent.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondent has responded to the Petition, [Doc. 7], and the Court concludes that it may rule on the Petition without awaiting a reply brief from Petitioner. For the reasons set forth in this Order, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Marvin Antonio Gutierrez-Aragon ("Petitioner" or "Mr. Gutierrez-Aragon") is a citizen of Nicaragua who has been present in the United States for at least two years. [Doc. 1 at ¶¶ 1, 4]. On July 12, 2026, he was detained by ICE authorities at a scheduled ICE appointment. [*Id.* at ¶ 5]. He has never been given an individualized bond hearing. [*Id.* at ¶ 8].

Mr. Gutierrez-Aragon brings two claims: (1) a claim alleging a violation of the Immigration and Nationality Act ("INA"), and (2) a claim alleging a violation of his due process rights. [*Id.* at ¶¶ 1–18]. He asks the Court to order Respondent to provide him

an individualized bond hearing, as required by 8 U.S.C. § 1226(a). [*Id.* at 7].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Gutierrez-Aragon argues that he is detained pursuant to 8 U.S.C. § 1226(a), such that he is entitled to a bond hearing. *See* [Doc. 1 at 5–6]. Respondent does not dispute this position and agrees that, if the Petition is granted, the "appropriate relief" would be a bond hearing under § 1226(a). *See* [Doc. 7 at 1–2]. The Court construes this as a concession that Petitioner is detained under § 1226(a). *See Contreras Posada v. Mullin*, No. 26-cv-03765-NYW, 2026 WL 2654041, at *1 (D. Colo. Sept. 9, 2026) ("By not substantively responding to the Petition and arguing that 'appropriate relief' would

be a bond hearing under 8 U.S.C. § 1226(a), . . . Respondents effectively concede that Petitioner is currently detained under § 1226(a).”); *Mendoza Hernandez v. Baltazar*, No. 26-cv-03652-WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) (“Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez’s claims by expressly declining to respond to Mendoza Hernandez’s claims and his arguments in support of those claims.”).

Section 1226(a) “sets forth ‘the default rule’ for detaining noncitizens ‘already present in the United States,’” *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)), and establishes a discretionary framework for the detention of noncitizens pending removal proceedings, *see* 8 U.S.C. § 1226(a)(1)–(2). Recently, the Tenth Circuit held that “noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).” *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). By all accounts, Petitioner was most recently detained while he was in the interior of the United States, *see* [Doc. 1 at ¶ 4], so his detention is governed by § 1226(a), *Santillan Quiroz*, 180 F.4th at 1237.

Pursuant to *Santillan Quiroz*, Petitioner’s detention without a bond hearing violates the INA. *See Santillan Quiroz*, 180 F.4th at 1237; *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025). And the Court “concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen’s due process rights.” *Onate-Brinez v. Baltazar*, No. 26-cv-02768-NYW, 2026 WL 2085090,

at *3 (D. Colo. July 20, 2026).

The Petition is therefore **GRANTED**. Respondent is **ORDERED** to provide Petitioner a constitutionally adequate bond hearing no later than **October 8, 2026**. At the bond hearing, the Government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence.[1] If Respondent does not provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

In addition, on or before **October 15, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

[1] Petitioner argues that the appropriate relief is a bond hearing at which the Government bears the burden to justify his detention by clear and convincing evidence. [Doc. 1 at 7]. Respondent does not address Petitioner's request. [Doc. 7]. Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2026); *cf. Contreras Posada*, 2026 WL 2654041, at *2–3 (this Court recently concluding, after applying the factors set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that procedural due process requires placing the burden on the Government at the petitioner's § 1226(a) hearing); *see also, e.g.*, *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026) (collecting cases).

[Doc. 1] is **GRANTED**;

(2) Respondent shall provide Petitioner a constitutionally adequate bond hearing no later than **October 8, 2026**. **At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified.** If Respondent does not provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

(3) On or before **October 15, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4) A copy of this Order shall be sent to Petitioner at his address of record.

DATED: October 1, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge